# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| ADRIAN JOHNSON | : CIVIL ACTION |
|---|---|
| v. | : NO. 18-696 |
| SIMM ASSOCIATES, INC., *et al* | : |

## MEMORANDUM

**KEARNEY, J.**  **August 14, 2018**

Through the Fair Debt Collection Practices Act, Congress mandates debt collectors clearly identify the debt and present creditor in the letters they send to consumers attempting to collect a debt. Assuming the debt collectors meet Congress' mandate, consumers cannot recover for an alleged violation of federal law by ignoring obvious disclosures or distorting disclosures to infuse ambiguity into one word such as the letter's identification of the debt collector's "client." When, as today, the debt collector's attached letter identifies the original creditor with an alleged balance and then identifies the debt collector's client now owning the same debt, we must dismiss the consumer's claim as a least sophisticated debtor would understand the disclosed client currently owns the identified debt which originated with a known undisputed and disclosed bank creditor. As a matter of law, we cannot so distort these disclosures to manufacture an ambiguity which may be considered deceptive or misleading. The attached letter we review today discloses to the least sophisticated consumer the original creditor, the debt, and the debt collector's client who purchased the debt and now seeks payment. We do not interpret the Act as requiring debt collectors explain the underlying transactions between creditors so long as the letter identifies the original creditor, debt, and party presently seeking payment to satisfy the original debt.

I. **Alleged Facts**

Adrian Johnson "received" funds from Celtic Bank.[1] Ms. Johnson then had an "alleged" obligation to pay Celtic Bank.[2] Shortly after May 17, 2017, Ms. Johnson received a letter from Simm Associates, Inc.[3] The letter is attached to this opinion as an exhibit. The letter has an upper portion identifying Simm Associates and its address.[4] Below the address, it lists a Simm Account No. ending in 3738, a balance of $872.56 and "Client: Oliphant Financial LLC."[5]

The lower portion of the letter describes:

CLIENT: OLIPHANT FINANCIAL, LLC
ORIGINAL CREDITOR: Celtic Bank
BALANCE: $872.56
ACCOUNT #: xxxxxxxx6261
SIMM #: xxx3738[6]

Simm Associates' letter then informs Ms. Johnson "[her] account has been forwarded to this office for collections. This is a formal demand upon you for your payments of this debt, however, our client, OLIPHANT FINANCIAL, LLC, has authorized us to accept a discounted payoff of your current outstanding balance."[7] Simm Associates' letter then gives Ms. Johnson three options to pay her debt and includes other information about her rights and options.[8]

Ms. Johnson alleges she "incurred an informational injury" because Simm Associates failed to tell her who her current creditor is.[9]

II. **Analysis**

Ms. Johnson sued Simm Associates, LLC, Oliphant Financial, LLC, and John Does 1-25, on behalf of herself and others similarly situated, alleging they violated the Fair Debt Collection Practices Act. Congress passed the Act in 1977 to counteract the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."[10] "A significant purpose of the Act is not only to eliminate abusive practices by debt collectors, but 'to

insure that those debt collectors who refrain from using abusive debt collections practices are not competitively disadvantaged.'"[11]

Section 1692g(a)(2) of the Act requires Simm Associates' letter contain "the name of the creditor to whom the debt is owed."[12] Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[13] Ms. Johnson argues Simm Associates' letter violated 15 U.S.C. § 1692g(a)(2) and 1692e for "fail[ing] to identify who the current creditor is to whom the alleged debt is owed."[14]

Debt collector Simm Associates and its client Oliphant move to dismiss Ms. Johnson's complaint for failing to state a claim because the letter identified the creditor Oliphant who owned Ms. Johnson's debt and is not misleading as a matter of law.[15] We analyze communications potentially giving rise to claims under the Act from the perspective of the "least sophisticated debtor."[16] This standard is lower than the standard of a reasonable debtor.[17] "A communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor."[18] Although the "least sophisticated debtor" standard is a low standard, it "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."[19] The least sophisticated debtor must read a debt collection notice in its entirety.[20] "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate."[21] Whether a communication violates the Act is a question of law subject to a potential dismissal at this stage.[22]

Ms. Johnson's first argues the letter violated § 1692g(a)(2) because it failed to describe Oliphant as a "creditor" and fails to identify "the name of the creditor to whom the debt is owed"

3

under the Act. Ms. Johnson's argument Simm Associates' letter identifying Oliphant only as a "client" and not "current creditor" is deceptive fails when we review the letter as a whole.

Ms. Johnson also argues the letter is deceptive under § 1692e because she could not "ascertain the role of [] Oliphant and the relationship between the original creditor Celtic Bank and [] Oliphant."[23] Ms. Johnson does not explain how Simm Associates or Oliphant deceived her or the role Oliphant played based on her interpretation of the letter. We analyze both statutory violations together because they share the core question whether the least sophisticated debtor would understand Oliphant currently owns Ms. Johnson's debt originating with Celtic Bank.

Simm Associates' letter to Ms. Johnson is not deceptive or misleading because the least sophisticated debtor with a "basic level of understanding and willingness to read with care" would be able to determine Oliphant is her current creditor.[24]

The first two sentences explain Oliphant is the current creditor because Simm Associates informs Ms. Johnson her debt has been referred to its office for collections and its client, Oliphant, "authorized" it to offer discounted payment methods. The least sophisticated debtor would understand Simm Associates' client Oliphant owned the debt because it is the entity forwarding the debt for collection and authorized alternative payment plans.

Another district in this circuit rejected Ms. Johnson's argument the use of "client" instead of "creditor" to describe the entity presently owning her debt is misleading under the Act. In *Hammett v. AllianceOne Receivable Management, Inc.*, the debtor alleged a debt collector's letter violated § 1692e because the "sole reference to the original creditor was a line at the top of the page that read: "'Client: PNC.'"[25] The district court noted "[w]hile the language chosen by [the debt collector] to identify the creditor could have been more precise, [it] dins that it does not

rise to the level of being false, deceptive, or misleading" under the Act because right after the debt collector identified PNC as the client, it stated "[y]our account has been referred to our offices for Collections."[26] The court held "[t]his language indicated [the debt collector] was acting as an agent for PNC Bank to collect a debt owed to PNC Bank."[27]

Simm Associates' letter to Ms. Johnson identifies Oliphant as its client and plainly discloses its Oliphant forwarded Ms. Johnson's account and authorized Simm Associates to accept discounted payments for her debt. As in *Hammett*, the least sophisticated debtor would understand Simm Associates is acting as an agent for its client Oliphant to collect its debt.

The least sophisticated debtor would also understand Oliphant now owned his or her debt from Celtic Bank because the debt discussed is described at the top of the Simm Associates' letter as from Celtic Bank with the consumer's account number and balance. A district court analyzing the sufficiency of creditor identification under § 1692g(a)(2) reviewed whether the language would "eliminate any factual question as to whether the least sophisticated debtor would understand (1) to whom the [original creditor] sold the debt or (2) who owned the debt at the time the letter was sent."[28]

The least sophisticated debtor receiving Simm Associates' letter could have no factual question as (1) to whom Celtic Bank sold the debt to and (2) Oliphant owned the debt at the time of the letter.

Ms. Johnson alleges she owed a debt to Celtic Bank meaning she is aware of the original creditor Celtic Bank, confirming the letter's recital of Celtic Bank as her "original creditor." She also alleges Simm Associates' letter identifies her Celtic Bank account number and the balance due. Ms. Johnson also does not allege misunderstanding Simm Associates' role as a debt collector for her alleged debt. Reviewing the letter as a whole and aware of the role of Celtic

5

Bank and Simm Associates, the least sophisticated debtor would understand Celtic Bank sold the debt to Oliphant because she understands Oliphant currently owns her Celtic Bank debt which Simm Associates is trying to collect.

The least sophisticated debtor would also understand Oliphant owned the debt at the time Simm Associates sent the letter. As shown on the attached letter, Simm Associates identified the letter head beginning with Client: Oliphant and then directly below identifies Celtic Bank as the original creditor. The body of the attached letter then again identifies Oliphant as its client and explains Oliphant forwarded this account and authorized Simm Associates to accept discounted payments for her debt. This statement would lead the least sophisticated debtor to understand Oliphant owned her debt at the time the letter is sent because Oliphant authorized Simm Associates to accept the payments.

Simm Associates' letter is similar to the collection letter approved by the district court in *Avila v. Riexinger & Associates, LLC* where a debtor challenged a law firm debt collector's letter disclosing it 'is a law firm representing Crown Asset Management, LLC, the current creditor of the above referenced account which originated with WELLS FARGO."[29] The district court found the law firm did not violate § 1692g(a)(2) because the letter eliminated "any factual questions" under *Dewees* as to whom Wells Fargo sold the debt to and who owned the debt at the time of letter because it labeled Crown Asset Management as current creditor and the account as originating with Wells Fargo.[30] The district court also found the debtor's "complaint lacks any facts suggesting that there is some owner of the debt other than Crown Asset Management."[31]

Simm Associates' letter, like the letter in *Avila*, specifically identifies the original creditor. While Simm Associates does not use the word "current" to identify Oliphant as the "current" creditor as in *Avila*, we conclude after reading the whole letter the least sophisticated

6

debtor would understand Oliphant, as Simm Associates' client authorizing action and receiving payment to satisfy the Celtic Bank balance, currently owned the Celtic Bank debt. As in *Avila*, Ms. Johnson fails to identify who else owns the debt besides Oliphant.

Ms. Johnson asserting "ambiguity and confusing" letter does not state a claim. She fails to explain what different interpretation the least sophisticated debtor would reach to confuse the roles of each actor.

## III. Conclusion

We grant Simm Associates and Oliphant's motion to dismiss. Ms. Johnson fails to plausibly allege a violation of § 1692e or § 1692g(a)(2) because the debt collection letter would not mislead the least sophisticated debtor as to the creditor seeking payment under the Act.

---

[1] Complaint, ECF Doc. No. 1, ¶ 25.

[2] *Id.* ¶ 26.

[3] *Id.* ¶ 30.

[4] Exhibit A to Complaint, ECF Doc. No. 1-1 at 2.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] ECF Doc. No. 1, ¶ 39.

[10] *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (quoting 15 U.S.C. § 1692(a)).

[11] *Id.* (quoting 15 U.S.C. § 1692(e)).

[12] 15 U.S.C. § 1692g(a)(2).

[13] 15 U.S.C. §1692e(10).

[14] *Id.* ¶ 34.

[15] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Insterstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[16] *Rosenau*, (citing *Brown*, 464 F.3d at 453).

[17] *Id.* (citing *Wilson v. Quadramed*, 225 F.3d 350, 354 (3d. Cir. 2000)).

[18] *Id.* (quoting *Brown*, 464 F.3d at 454).

[19] *Wilson*, 225 F.3d at 355-56.

[20] *Campuzano-Burgos v. Simm Associates Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008).

[21] *Rosenau*, 539 F.3d at 222 (quoting *Brown*, 464 F.3d at 455).

[22] *Szczurek v. Prof'l Mgmt., Inc.*, 627 F. App'x. 57, 60 (3d Cir. 2015) (citing *Wilson*, 225 F.3d at 353 n.2). *See also Wilson*, 225 F.3d at 353 where our court of appeals affirmed the district court's granting the debt collector's motion to dismiss the debtor's claim because the communication is not misleading as a matter of law.

[23] ECF Doc. No. 13 at 5.

[24] *Wilson*, 225 F.3d at 355-56.

[25] No. 11-3172, 2011 WL 3819848, at *4 (E.D. Pa. Aug. 30, 2011). The district court only analyzed whether the letter is "false, deceptive, or misleading" under § 1692e because the debtor did not allege the debt collector violated § 1692g(a)(2) by failing to disclose the name of the creditor. We find the case persuasive because of the factual similarities between the letters and the court's conclusion

[26] *Id.*

[27] *Id.*

[28] *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007).

[29] Nos. 13-4349; 14-2740, 2011 WL1731542, at *1 (E.D.N.Y. 2015) *rev'd on other grounds*, 644 F. App'x 19 (2nd Cir. 2016).

[30] *Id.* at *7.

[31] *Id.*

Department # 119823
P.O. Box 1259
Oaks PA 19456

# SIMM ASSOCIATES, INC.
600 FISCHER DRIVE
NEWARK DE 19713
(302) 283-2830/(855) 427-8739

 **PAY ONLINE**
www.simmassociates.com/Payments-on-your-account/

| SIMM Account No. | Balance: |
|---|---|
| ███3738 | $872.56 |
| Client: OLIPHANT FINANCIAL, LLC | |

ADRIAN JOHNSON

126883 - 189

SIMM ASSOCIATES, INC.
P.O. BOX 7526
NEWARK DE 19714-7526

---

Detach Upper Portion And Return With Payment

May 17 2017

CLIENT: OLIPHANT FINANCIAL, LLC
ORIGINAL CREDITOR: Celtic Bank
BALANCE: $872.56
ACCOUNT #: ███████8261
SIMM #: ███3738

Dear Adrian Johnson,

Your account has been forwarded to this office for collections. This is a formal demand upon you for your payment of this debt, however our client, OLIPHANT FINANCIAL, LLC, has authorized us to accept a discounted payoff of your current outstanding balance.

We are presenting you with three options that will enable you to avoid further collection activity:

Option 1: Pay ONE PAYMENT of $610.80 that must be received in this office on 05/26/2017.

Option 2: Pay TWO PAYMENTS of $349.03 each that must be received in this office. Please contact our office at (855) 427-8739 or via email at CustomerService@simmassociates.com to select due dates or if you need more details specific to this offer.

Option 3: A monthly payment plan suited for your unique financial situation is available upon request.

We have no obligation to renew this offer.

By resolving this matter, you will make continued collection efforts unnecessary. Our demand for payment does not affect your right to dispute this debt.

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,
Jeffrey S. Sinsendinger
SIMM Associates
(855) 427-8739

PLEASE: To ensure proper credit, remit payment directly to our office only.
Remit to: SIMM Associates, Inc.
P.O. Box 7526 Newark, DE 19714-7526
Payments can be made via credit card or bankdraft at:
www.simmassociates.com/payments-on-your-account/

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**
Opt-Out Notice (see back for details)

126883-VSL-2-189